```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

CHERYL PARDA,                         *
                                      *
      Plaintiff,                      *
                                      *
vs.                                   *  CIVIL ACTION No.04-00550-WS-B
                                      *
JO ANNE B. BARNHART,                  *
Commissioner of Social                *
Security,                             *
                                      *
      Defendant.                      *
```

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's unopposed Application For Attorney's Fees Under The Equal Access To Justice Act (Doc. 15).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff should receive a reasonable attorney's fee in the amount of $1,725.00.

### I. Findings Of Fact

1.   Plaintiff commenced this action on August 23, 2004. (Doc. 1).  On April 6, 2005, the Court entered Judgment pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and reversed and remanded this cause to the Commissioner of Social Security for further proceedings.  (Doc. 14).

2.   Plaintiff's motion for attorney's fees was filed on July 5, 2005.  (Doc. 15).  In the application, Plaintiff requests an attorney's fee award of $1,725.00.  (Id.)  The attorney's fee award represents a total of 13.80 hours, at an hourly rate of $125.00 per hour, for attorney time spent representing Plaintiff in this Court.  (Id.)

3.   The Commissioner of Social Security has filed a Response, and states that it has no objection to Plaintiff's motion.  (Doc. 17).

## II.  Conclusions Of Law

1.   The Equal Access to Justice Act ("EAJA") requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner does not dispute the issues of prevailing party status,[1] timeliness,[2] or substantial justification.

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party."  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

[2] The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.  28

2.    With regard to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act, as recently amended,[3] provides, in pertinent part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

3.    In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Court determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to

---

U.S.C. § 2412(d)(1)(B).  The thirty (30) day clock did not begin to run in this action until this Court's Order of Judgment dated April 6, 2005 (Doc. 14) became final, which would have occurred at the end of the sixty (60) days for appeal provided under Fed. R. App. P. 4(a)(1).  See Shalala, 509 U.S. at 302. Because Plaintiff's motion was filed on July 5, 2005 (Doc. 15), it is found to be timely filed.

[3]On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour.  See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

>   take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).

    4.    The prevailing market rate in the Southern District of Alabama has been previously determined to be $125.00 per hour. See Boggs v. Massanari, C.A. 00-0408-P-C (S.D. Ala. (Jun. 13, 2001)); Boone v. Apfel, C.A. 99-0965-CB-L (S.D. Ala. (Aug. 30, 2001)).  Because the market rate is not greater than the statutory rate of $125.00 per hour, this Court need not reach the second step of the Meyer analysis.

    5.    With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done."  Id. at 1306.

    6.    In the case sub judice, attached to Plaintiff's motion is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed. (Doc. 15 at Attachment 1).  The undersigned has reviewed this document and Defendant's response, and finds that, under the

circumstances, and given the usual number of hours billed by attorneys in similar actions, Plaintiff is entitled to 13.80 hours of attorney time expended representing Plaintiff in federal court.  See, e.g., Coleman v. Apfel, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

### III.   CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Application For Attorney's Fees Under The Equal Access To Justice Act be **GRANTED**, and that the award be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of $1,725.00 for  13.80 attorney hours spent representing Plaintiff in connection with this action.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **15th** day of **July 2005**.

  /s/ Sonja F. Bivins
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing

6

party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).


3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**